# Asbury B. Porter and Samuel Brazelton, appellants, *vs.* Hosea Moffatt, appellee.

### *Appealed from Henry.*

Where there is a dissolution of an injunction, and a demurer to the bill sustained, the sustaining of the demurrer should not have the effect of dismissing the bill, where it contains equity, although it may not be sworn to.

This was a bill in equity, in the District Court, for a new trial at law. The bill stated that Moffatt had brought his action of covenant in the court of law, against the complainants in the bill, who are the appellants in this court, and that the complainants not attending court, and having no attorney present, the said Moffatt caused their default to be entered in vacation on the clerk's docket, and recovered judgment thereon at the subsequent term.

A writ of injunction was prayed and granted. The amendment put into said bill states that the reason complainants did not attend court, was that a compromise was pending, and it was understood and agreed that said suit should be drawn. The bill, on motion was dismissed for want of equity, and the complainants appealed.

At the July term of the Supreme Court, 1841, the order of the court below dismissing the bill was reversed, and the cause remanded for further hearing.

At the September term of the District Court, the complainants were permitted to withdraw that part of the prayer of their bill, which prays that the proceedings at law asked to be injoined be made part of the bill, &c.

The defendant filed a demurrer for the want of equity in the amended bill, and that the same was not sworn to which was sustained.— The defendant filed a motion to dissolve the injunction, because the amended bill was not sworn to, and because the complainants could have had a new trial at law, which was sustained, and the complainants again appealed to the Supreme Court.

J. C. HALL, for appellants.

G. W. TEAS, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—In this case the defendant filed a motion to dissolve the injunction, and also a demurrer to the complainant's bill. Both the motion and the demurrer were sustained. The dissolution of the injunction was correct; the amended bill which alone presents any grounds for equitable interference not having been sworn to. But the sustaining of the demurrer, the effect of which would be to dismiss the bill, was erroneous; for although the bill was not sworn to, it appears to contain equity, and therefore ought not to have been dismissed. The case in fact is substantially the same as was presented in this very case at the term of this court held in July 1841, and must be reversed for the same reason. Decree set aside and case remanded to Henry county for further proceedings.